UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL POLLOCK,

                                        Plaintiff,

        vs.                                                          3:07-CV-0637


C. TED ELLINGSEN, Officer of Chenango
County Sheriff; CHENANGO COUNTY SHERIFF'S
DEPARTMENT,

                                        Defendants.

_____

THOMAS J. McAVOY,
Senior United States District Judge


**DECISION & ORDER**

        Plaintiff, Michael Pollock, commenced this action on June 15, 2007.  He filed an

Amended Complaint on July 20, 2007 alleging that Defendants violated his civil rights.

Plaintiff's Amended Complaint seeks to recover for unlawful seizure of property, false

arrest and malicious prosecution.  Presently before the Court is Defendants' Motion to

Dismiss under Fed. R. Civ. P. 12(b)(6).  Plaintiff failed to oppose the motion.

**I.  FACTS**

        The Complaint asserts the following allegations.  On June 15, 2004, Defendant

Ellingsen physically assaulted Plaintiff by grabbing Plaintiff and putting him in a "body

lock" for several seconds and dragging him away from his Jeep while two other

individuals took possession of his Jeep.  Am. Compl. ¶ 4(o).  On June 27, 2004,

1

Defendant Ellingsen caused Deputy Sheriff Gould of the Chenango County Sheriff's

Department ("Department") to file "false and baseless" charges against Plaintiff that

Ellingsen knew to be false and knew would be used to "maliciously arrest, prosecute,

and incarcerate Plaintiff."  Id. at ¶ 4(s).  On June 28, 2004, Defendant Ellingsen, the

Department, and other individuals unlawfully took possession of three of Plaintiff's other

vehicles without probable cause.  Id. at ¶ 4(t).  On July 1, 2004, Plaintiff was arrested

on the charges filed by Deputy Gould and was imprisoned until July 22, 2004, at which

time he was released on his own recognizance.  Id. at ¶ 4(u), ¶ 4(v).  While

incarcerated, Plaintiff requested to speak with Ellingsen and Ellingsen's superior at the

Department several times, but the Department did not respond.  Id. at ¶ 4(y).  After

Plaintiff was released, he went to the Department twice and requested, both verbally

and in writing, to speak with someone about Ellingsen, to which the Department did not

respond.  Id.  In early 2006, an investigator with the Department attempted to speak

with Plaintiff.  Id.

## II.  DISCUSSION

Defendant Ellingsen contends that Plaintiff's state claims are time-barred under

the one-year statute of limitations provided by New York C.P.L.R. § 215(3).  Any false

arrest claim would have accrued on June 15, 2004.  Any false imprisonment claim

would have accrued on July 22, 2004, the date Plaintiff was released from custody.

Any claimed assault occurred prior to Plaintiff's release from custody in 2004.

Inasmuch as Plaintiff filed his Complaints, original and amended, long after one year

from June 2004, any state law claims sounding in assault, false arrest, or false

imprisonment are time-barred.

Defendant Chenango County Sheriff's Department next argues that it does not have its own legal identity apart from the municipality and is, therefore, not a proper defendant.  Def. Mot. to Dismiss, at 3.  While it is true that claims against police departments have been routinely dismissed on this ground, whether this argument may be extended to a sheriff's department is less clear.  Defendant cites cases where the sheriff's department and the county have both been sued and the claims against the sheriff's department are dismissed as redundant.  Def. Mot. to Dismiss, at 3.  Defendant also cites to two cases where the court dismissed claims against sheriff's departments because of a lack of capacity to be sued.  Id.  However, these cases both cite authority where the plaintiff is suing both the county and the sheriff's department or a police department.  Cash v. County of Erie, No. 04-CV-0182, *5-6 (W.D.N.Y. July 11, 2007); Van Tassel v. County of Columbia, No. 04-CV-00866, *7 (N.D.N.Y. Sept. 21, 2006).   The Court finds that Defendant Chenango County Sheriff's Department has failed to conclusively demonstrate that suing only the sheriff's department, and not the county itself, is fatal to Plaintiff's claim.  Accordingly, Defendant's motion to dismiss on this ground is denied with leave to renew.  Plaintiff is granted leave to file, and serve, an amended complaint including the County as a named defendant.

For the foregoing reasons, Defendant Ellingsen's motion to dismiss any state claims is **GRANTED** and Defendant Chenango County Sheriff's Department's motion to dismiss is **DENIED**.

IT IS SO ORDERED.

Dated:March 27, 2008

Thomas J. McAvoy
Senior, U.S. District Judge