IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MICHAEL POLLOCK,

                Plaintiff,

                                                                           Civ. Action No.
   vs.                                                     3:07-CV-637 (TJM/DEP)

JAMIE BELL, C. TED ELLINGSEN, and
CHENANGO COUNTY SHERIFFS
DEPARTMENT,

                Defendants.

_____

APPEARANCES:                               OF COUNSEL:

FOR PLAINTIFF:

MICHAEL POLLOCK, *Pro Se*
Norwich, New York

FOR DEFENDANT BELL:

HON. ANDREW CUOMO                DAVID B. ROBERTS, Esq.
Office of the Attorney General         Assistant Attorney General
State of New York
The Capitol
Albany, New York 12224

FOR COUNTY DEFENDANTS:

LEVENE, GOULDIN LAW FIRM       MARIA E. LISI-MURRAY, ESQ.
450 Plaza Drive
Vestal, New York 13850

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Plaintiff commenced this action on June 15, 2007, pursuant to 42 U.S.C. § 1983, alleging deprivation of his civil rights. Currently pending before the court in connection with the matter is a motion by defendants C. Ted Ellingsen, Chenango County Deputy Sheriff, and the Chenango County Sheriff's Department (collectively, the "Chenango defendants") seeking relief based upon plaintiff's failure to properly respond to interrogatories and a document demand both of which were served upon him on January 9, 2008. Dkt. No. 29. Defendant Jamie Bell, a New York State Police employee who is separately represented in the action, has joined in the motion. Dkt. No. 30. Despite notice regarding the motion and its return date, plaintiff has filed no submissions in opposition to defendants' application, which seeks an order precluding him from offering evidence at trial on the questions of liability and damages, and additionally requests that the court order that the plaintiff reimburse them for reasonable expenses incurred in connection with the motion.

Oral argument was conducted regarding defendants' motion on June 25, 2008. There was no appearance during that hearing by or on behalf of the plaintiff. During the argument I pointed out to counsel for the Chenango defendants that their motion papers did not include copies of

2

plaintiff's responses to the discovery demands at issue and, accordingly, I was unable to meaningfully assess plaintiff's level of compliance with the demands. I have since been provided with plaintiff's responses to defendants' discovery requests, including both those initially supplied by the plaintiff and additional, supplemental answers provided upon prompting by defendants' counsel.

From a review of the materials currently before the court, including those recently provided, it appears that on or about January 9, 2008 the Chenango defendants served plaintiff with a set of fourteen interrogatories, as well as a demand for discovery and inspection listing twelve categories of requested documents and information. Plaintiff's persistent failure to respond to those requests in any fashion resulted in my issuance of a text order on April 25, 2008, following a telephone conference conducted by the court with the parties on the preceding day, directing plaintiff to respond to the outstanding discovery demands by April 30, 2008.

On May 5, 2008 plaintiff hand delivered to counsel partial responses to the Chenango defendants' interrogatories and document demands.[1]

---

[1] While defendants do not press this issue, plaintiff's responses were not served until after the deadline set by the court had passed. Plaintiff is admonished that notwithstanding his *pro se* status he is expected to fully comply with all court

3

Following a review of those responses, in an effort to satisfy her obligation to confer in good faith with Pollock for the purpose of attempting to resolve or narrow the issues raised, the Chenango defendants' attorney, Maria Lisi-Murray, Esq., sent a letter dated May 9, 2008 to the plaintiff detailing her clients' objections to the demands and pointing out specific deficiencies, requesting supplementation of the responses.

On or about May 23, 2008 - coincidently, the day on which the Chenango defendants' motion was filed - plaintiff wrote to Attorney Lisi-Murray, setting forth further information and clarification regarding his responses to the various interrogatories and document demands.

Based upon my review of the materials received from Attorney Lisi-Murray during the hearing, it appears to me that the plaintiff has made a good faith effort to comply with the outstanding discovery demands and has provided information, including narratives regarding his claims, the identities of known witnesses, and indication regarding the damages suffered, sufficient to permit the preparation of a meaningful defense to plaintiff's claims and to prepare for taking his deposition. By way of example, while defendants complain of not receiving copies of income tax returns filed by the plaintiff and W-2 forms received by him from

---

orders entered in the action.

...

employers during the past seven years, plaintiff affirmatively asserts that because of his self-employment status he did not receive any W-2 forms, and did not file any tax returns over that period.  *See* Letter Dated 5/23/08, Exhs. E and F.  Similarly, in response to defendants' quest to discover ownership documents regarding the vehicles and equipment at issue in the case, plaintiff advises that he has provided all information within his possession, custody or control relating to that issue.  *Id.*, Exhs. H and I.  It is well-established that under Rule 34 of the Federal Rules of Civil Procedure a party cannot be compelled to create a document which does not exist, nor to produce a document which, while in existence, is not within his or her possession, custody or control.  *See Allah v. Slawatycki*, No. 04CV868A, 2006 WL 1704478, at *2-3 (W.D.N.Y. June 16, 2006).

    In light of the foregoing, and in deference to plaintiff's *pro se* status and what appears to have been a good faith effort on his part to provide the desired documents and information, I find that the entry of a preclusion order now sought by the defendants is not warranted, and that the interests of justice would best be served by directing that the defendants go forward with the taking of plaintiff's deposition, affording them an opportunity to reapply to the court for a further appropriate order in the event that during the deposition it becomes apparent that the

plaintiff has information or documents within his possession, custody or control that are relevant to the claims and defenses in the case, but which have not yet been provided to defendants' counsel.  Additionally, having been satisfied of plaintiff's good faith efforts to supply the desired information and documentation to the best of his ability, I find that the circumstances now presented make an award of expenses associated with the instant motion unjust.

Based upon the foregoing, it is hereby

ORDERED, that the motion of defendants C. Ted Ellingsen and the Chenango County Sheriff's Department (Dkt. No. 29), joined in by co-defendant Jamie Bell (Dkt. No. 30), seeking a preclusion order be and hereby is DENIED, without prejudice to defendants' right to reapply to the court for a further appropriate order following the taking of plaintiff's deposition; and it is further

ORDERED, that no costs or attorney's fees are awarded to any party in connection with the pending motion; and it is further

ORDERED, that the stay of the discovery deadline in this action is hereby LIFTED, and the parties are directed to complete all discovery in this action on or before August 15, 2008.

Dated:    June 26, 2008
          Syracuse, NY

_____
David E. Peebles
U.S. Magistrate Judge