UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL POLLOCK,

                          Plaintiff,

      v.                                                3:07-cv-0637

C. TED ELLINGSEN

                          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       Plaintiff commenced the instant action asserting various causes of action against Defendants arising out of the repossession of his tractor and Jeep and arising out of his arrests. The only claim that survived Defendants' motions and proceeded to trial was Plaintiff's claim pursuant to 42 U.S.C. § 1983 that Defendant Ellingsen, while acting under color of state, unlawfully interfered with his possessory interest in his vehicle by assisting certain private individuals in repossessing the vehicle. This matter was tried before the Court without a jury on February 23, 2009. The following constitute the Court's findings of fact and conclusions of law.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**[1]

       Prior to May 2004, Plaintiff Michael Pollock was in a relationship with Sheila Hagan. In or about May 2004, Hagan loaned Plaintiff $700.00. As collateral for the loan, Plaintiff

---

[1] The following constitute the Court's findings of fact based upon the evidence adduced at trial and the Court's credibility determinations concerning that evidence.

signed the back of the title to his 1997 Jeep.[2] The relationship between Plaintiff and Hagan essentially ended in May 2004.[3]

On June 15, 2004, Hagan presented herself to the Chenango County Sheriff's Department. She showed Defendant Deputy Sheriff C. Ted. Ellingsen a copy of the signed title document and advised Ellingsen that she was the owner of the vehicle and that she wished to retrieve it. Hagan and a friend proceeded to 29 Adelaise Street in Norwich, New York where the vehicle was known to be located. Upon Hagan's request, Ellingsen also went to 29 Adelaise Street to ensure there was no breach of the peace during the property retrieval.

In the evening of June 15, 2004, Hagan arrived at 29 Adelaise Street to repossess the vehicle. Ellingsen arrived shortly after Hagan. From this point forward, the evidence concerning what transpired was quite varied. Plaintiff's witness, Dennis Downey, testified that when Ellingsen arrived, Plaintiff went up to him and gave him a hug and shook his hand. Defendant testified that, when he arrived, he went around the back of the house to look for Plaintiff; he and Plaintiff shook hands; there was a pleasant conversation concerning the retrieval; he advised the parties that any disputes concerning ownership were to be determined by a court; Plaintiff consented to the removal of the vehicle; Hagan took the vehicle; he and Plaintiff shook hands again, and the matter was concluded in the span of approximately five minutes.

---

[2] Signing the back of the title document is one step in the transfer of ownership of a vehicle.

[3] There was evidence of ongoing interaction among Plaintiff and Hagan after May 2004, but it appears that their relationship was largely over.

Plaintiff testified that he approached Ellingsen; Ellingsen advised Plaintiff not to remove anything from the jeep; Plaintiff went to the front, passenger side door to remove a receipt; Ellingsen grabbed Plaintiff, dragged him away from the car, held him in a "bear hug" and whispered words to the effect of "calm down, we haven't had any problems in the past, this is all being done illegally, I don't have any paperwork, but I have to follow the judge's [referring to Town Justice Daniels] orders," and then released Plaintiff. Hagan and her friend then took the Jeep.

The Court finds that Plaintiff failed to sustain his burden of proof in demonstrating that Defendant's actions were sufficient to transform the otherwise private property retrieval into state action. The Court credits the testimony of Plaintiff's witness, Downey, and that of Defendant to the effect that the exchanges between Plaintiff and Defendant were pleasant and cordial and that Defendant did not physically restrain Plaintiff, instruct Plaintiff not to interfere, or otherwise engage in intimidating conduct. This conclusion is supported by Downey's testimony that Defendant advised Downey not to remove items from inside the vehicle but Downey disregarded Defendant's instruction and removed items from the vehicle to which Defendant did nothing in response (*i.e.*, Defendant took no action to prevent Downey from entering the vehicle and removing items from inside). Further, there was insufficient credible evidence that Plaintiff ever objected, or attempted to object, to the repossession of the vehicle. The credible evidence is that, Plaintiff only sought to remove a receipt from inside the vehicle and not to prevent the vehicle from being taken. There similarly was insufficient credible evidence of any conspiracy between Defendant and Hagan to repossess the car. The Court, therefore, finds that, upon consideration of all the evidence, including the demeanor of the witnesses, the credible evidence is that Defendant was

present at the repossession, he advised that he was present to ensure there was no breach of the peace, but that he did not affirmatively assist in the repossession over the debtor's objection or otherwise intentionally intimidate the debtor so as to prevent him from exercising his legal right to object to the repossession.

To succeed on his claims pursuant to 42 U.S.C. § 1983, Plaintiff must "show that a person acting under color of any state statute, regulation, custom or usage deprived plaintiff of a right secured by the Constitution." Barrett v. Harwood, 189 F.3d 297, 301 (2d Cir. 1999). There is no clear point at which police action in connection with a repossession becomes "state action." Barrett, 189 F.3d at 301. Mere police presence during a repossession is insufficient. Id. "[T]he crucial question is whether the police officer was (1) simply present to stand by in case there was a breach of the peace, or (2) taking an active role that either affirmatively assisted in the repossession over the debtor's objection or intentionally intimidated the debtor so as to prevent him from exercising his legal right to object to the repossession." Id. at 302-03. The Court finds that the credible evidence adduced at trial and set forth above does not demonstrate that Ellingsen engaged in conduct sufficient to constitute state action. Accordingly, the Court finds in favor of Defendant and Plaintiff's claims pursuant to 42 U.S.C. § 1983 must be dismissed.

Even if Ellingson's conduct rose to the level of state action, the Court finds that he is entitled to qualified immunity. At all times relevant hereto, it was clearly established that a deprivation of property is actionable under 42 U.S.C. § 1983. It also was clearly established that an unlawful repossession can amount to state action actionable under § 1983. Barrett, 189 F.3d at 302. What was not clearly established is the point at which police action rises to the level of state action. Indeed, Second Circuit precedent indicates that there is no clear

line at which presence at a repossession becomes state action.  <u>Barrett</u>, 189 F.3d at 301. Because Ellingsen's conduct did not clearly rise to the level of state action, reasonable officers could disagree whether his actions in this case were sufficient to constitute state action.  Accordingly, he is entitled to qualified immunity.

For the foregoing reasons, the Court finds in favor of Defendant and against Plaintiff.  The Clerk of the Court shall enter judgment in favor of Defendant.  Plaintiff's motion for leave to file an appeal *in forma pauperis* is GRANTED.

IT IS SO ORDERED.

Dated: April 1, 2009

_____
Thomas J. McAvoy
Senior, U.S. District Judge